# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-41295
Summary Calendar

FELIX L HEARN

Plaintiff-Appellant

v.

PARIS POLICE DEPARTMENT; KARL LEWIS, Chief, Paris Police Department;
STEPHEN HOLMES, Sergeant Badge 155 Paris Police Department; THOMAS
BRANDENBURGH, Patrolman Badge 209 Paris Police Department; LEIGH
FOREMAN, Patrolman Badge 225 Paris Police Department; JEFF JONES,
Sergeant Paris Police Department

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:08-CV-184

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Proceeding *pro se*, Felix L. Hearn, Texas prisoner # 1412280, appeals the
dismissal of his 42 U.S.C. § 1983 complaint. In district court, Hearn claimed:
he was improperly arrested after he was assaulted on his own property; he had

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

a right to defend himself and his family against an intruder; the arresting officers failed to investigate the circumstances surrounding the incident; his witness' statements were not included in the state record; and he was improperly induced to waive his right to appeal his criminal conviction. The district court granted the defendants' summary-judgment motion, holding Hearn's claims constituted a challenge to his conviction and were barred by *Heck v. Humphrey*, 512 U.S. 477, 490 (1994). Additionally, the court ruled the Paris Police Department was not a legal entity subject to suit.

Hearn's scant appellate brief, consisting primarily of fragments, does not challenge the district court's reasons for dismissing his claims. Federal Rule of Appellate Procedure 28(a)(9) requires the appellant's brief contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review". "Although we liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel, *pro se* parties must still brief the issues and reasonably comply with the standards of Rule 28." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Furthermore, our court will not raise legal issues Hearn has failed to assert; such issues are deemed abandoned. *E.g.*, *Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

In sum, Hearn does not contend his claims did not constitute a challenge to his conviction or that the Paris Police Department constituted a proper defendant. His only statement that arguably raises a challenge to the district court's proceeding is the general assertions that the court required him to satisfy standards and deadlines that were impossible in the light of Hearn's incarceration. Hearn does not provide any specifics, however, such as which deadline he was unable to meet.

Hearn's appeal is without merit and is therefore frivolous. *See Howard v. King*, 707 F.2d 215, 219–20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. 5TH CIR. R. 42.2. Hearn is warned: the dismissal of this appeal counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387–88 (5th Cir. 1996). Hearn is also warned that if he accumulates three strikes, he will not be allowed to bring a civil action or appeal a judgment *in forma pauperis* unless he is "under imminent danger of serious physical injury". 28 U.S.C. § 1915(g).

DISMISSED; SANCTION WARNING ISSUED.